Appleby agt. Brown.

---

## COURT OF APPEALS.

LEONARD APPLEBY, appellant agt. EBENEZER G. BROWN and JOHN LAYTON, administrators of, &c. of CHARLES L. VAN WICKLE, deceased, respondents.

Where, before the Code, a party had a *concurrent remedy*, at law and in equity, the Revised Statutes made the *statute of limitations* applicable to the *remedy at law—six years*—and not to the equitable remedy—ten years. Therefore, the party to save the statute of limitations, would be bound to commence his action within six years from the time his cause of action accrued.

But the old common law *action of account* cannot be considered a concurrent remedy, with equity, in an action for an accounting between partners; especially where the firm consists of more than two persons. Although that action is recognized by the Revised Statutes, it has never, except in one or two instances, been resorted to in this state, and has always been disfavored by the courts. It would be very difficult for a party on bringing that action, to obtain a hearing under the authorities in this state. It may now be considered obsolete.

APPEAL from the decision of the general term of the supreme court of the seventh district. The material facts in the case, as found by the referee before whom the cause was tried, are briefly as follows:

Leonard Appleby, Edwin D. White and Charles L. Van Wickle entered into an agreement, by which White and Van Wickle were to go to Buffalo and open a store as tobacconists, and Appleby was to stock it at New York wholesale prices. The business to be conducted in the name of White & Van Wickle. The profits to be divided, one-half to Appleby, and one-quarter each to White and Van Wickle. The business at Buffalo was commenced in the spring of 1845.

About the first of October, 1846, the business appearing to be unprofitable, was suspended, and the remaining stock on hand and the credits were taken by Appleby, and appropriated as far as they would go to the payment of the debts. On the 11th February, 1848, Van Wickle removed to New Orleans, where he died May 17, 1849, without having returned to the state of New York; but before going to New Orleans, he made a will disposing of real estate in the county of Wayne, omitting, however, to appoint any executors. White was and still is insolvent. On the 25th of August, 1856, the will of Van Wickle was proved before the surrogate of Wayne county, and letters of administration, with the will annexed, were granted to the respondents, Brown and Layton.

This action was commenced on the 11th of August, 1859, for an account of the partnership business at Buffalo, and demanding that the plaintiff be reimbursed to the amount of the one-fourth of his excess of advances in furnishing the stock in trade, out of the individual estate of the deceased.

The defendants set up in their answer, among other defences, the common law statute of limitations; that the action did not accrue within six years, &c.

The action was tried before J. D. Husbands, Esq., referee, who found, among other things, that the three persons were partners in the business at Buffalo; that the cause of action was of exclusive equity jurisdiction, and the limitation ten

years, and required the defendants to account. Upon taking the account, the referee found that the plaintiff had advanced in the business more than his proportionate share; that the partnership property was exhausted, and that the plaintiff was entitled to be reimbursed his excess of advances out of the individual estate of Van Wickle to the extent (one-fourth) of his interest in the business; and that that proportion, including interest to the date of the report, amounted to $1,008,70, for which sum judgment was entered, without costs, December 20, 1859.

From this judgment the defendants appealed to the general term, where the case was argued, and an opinion written substantially agreeing with the referee in all except that part of his report which held as a conclusion of law, that the cause was of exclusive equity jurisdiction, and the limitation ten years. On this point the general term held that " the moment the partnership was dissolved the plaintiff had his right of action of account, either at law or in equity, at his election, against each of the other members;" that " the death of one partner does not give equity exclusive jurisdiction as between the partners; consequently the limitation was six years, and the cause of action barred before the commencement of this action;" and made an order setting aside the report of the referee, and granting a new trial, costs to abide the event. From this decision the plaintiff appealed to this court.

CHARLES D. LAWTON, *for the appellant.*
WILLIAM CLARK, *for the respondent.*

DAVIES, J. The right of action in this case had accrued before the adoption of the Code of Procedure, and the statutes in force at the time it accrued (in October, 1846) are applicable, and must govern in the disposition of this case. (*Sec. 73 of the Code.*) We must therefore recur to the provisions of law existing on this subject at that time.

The plaintiff, seeking to enforce his rights, must have resorted either to an action at law or to a suit in equity. If the former, the appropriate and only action which could have been invoked, was that of the action of account as known and recognized at common law. Upon the assumption that the appropriate action was the common law action of account, then by section 18, subdivision 4 of article 2, part 3, chapter 4 of the Revised Statutes, the action was required to be commenced within six years next after the cause of action accrued ; and if the plaintiff's only remedy was by a bill in equity, then by section 52 of article 6, same part and chapter, the bill must be filed within ten years after the cause of action accrued, and not after ; and by section 49 it is provided that, whenever there is a concurrent jurisdiction in the courts of common law and in the courts of equity, in any cause of action, the time limited for the commencement of suit for such cause of action, in a court of common law, shall apply to all suits thereafter to be brought for the same cause of action in a court of equity. The question therefore presented is, whether at the time the cause of action accrued in this case, there was a concurrent remedy in the courts of common law and in the courts of equity ; and the solution of this question depends upon the fact whether the plaintiff in the present case could have maintained in the courts of common law, against the defendant Van Wickle, the ancient common law action of account.

It is said of this action, that it is one of antiquity, and lies at common law against guardians, bailiffs, receivers and mercantile co-partners, to cancel an account of profits or moneys received. It was an action provided by law, in favor of merchants and for advancement of trade and traffic, as where two joint merchants occupy their stock of goods and merchandize in common, to their common profit, one of them naming himself a merchant, shall have an account against the other, naming him a merchant, and

Appleby agt. Brown.

shall charge him as *receiptor denariorum.* (*Co. Lit.*, 172, *a.*) Blackstone says, the action lies upon a stated account between two merchants or other persons, and if no account has been made up, then the legal remedy is by bringing a writ of account, *de computo,* (*Fitz. N. B.*, 116,) commanding the defendant to render a joint account to the plaintiff, or show good cause to the contrary. In this action, if the plaintiff succeeds, there are two judgments; the first is, that the defendant do account (*quod computet*) before auditors appointed by the court; and when such account is finished, then the second judgment is, that he do pay the plaintiff so much as he is found in arrear. This action, by the old common law, lay only against the parties themselves, and not their executors, because matters of account rested solely on their own knowledge. This defect, after many fruitless attempts in parliament, was remedied by the statute of 4 *Anne,* (*ch.* 16,) which gave an action of account against executors and administrators. Blackstone also says: However, it is found by experience that the most ready and effectual way to settle these matters of account is by a bill in equity, where a discovery may be had on the defendant's oath, without relying merely on the evidence which the plaintiff may be able to produce; wherefore, actions of account to compel a man to bring in and settle accounts are now very seldom used. (3 *Blackstone Com.,* 162, 163.) The proceedings in actions of account were attempted to be simplified by the provisions of the Revised Statutes, section 50 *et passim,* (2 *R. S., p.* 385,) by substituting referees for auditors, and authorizing them to examine the parties, and to require the production of their books; but notwithstanding, the action has been but seldom resorted to, and has never been favored by the courts. A bill in equity has ever been regarded as a more simple and efficacious, and as the preferable remedy. Judge BRONSON says, in *McMurray* agt. *Rawson,* (3 *Hill,* 59,) " all the books agree that this is one of the most difficult, dila-

tory and expensive actions that ever existed, and it has long since given place to other remedies. In this state, it does not appear that more than one action of account was ever brought before, (*Jacobs* agt. *Fountain*, 19 *Wend.*, 121,) and the present experiment will probably be the last. In England the action seems not to have been brought more than a dozen times within the last two centuries, and in most of the cases the difficulty has been about the form of the remedy, rather than the rights of the parties. The elementary books upon partnership agree that the action of account has fallen into disuse, (1 *Mont.*, 55 ; *Cary*, 70 ; *Gow.*, 69.) Collyer and Story do not mention the action. In this state there is no reason for resorting to this action, and attempting to revive and remould a remedy which was always difficult and has now become obsolete ; and if parties choose to bring account, they must take the action as it was left by the ancients, subject only to such alterations as have been made by the legislature." Cowen, J., in same case, says : " The action in this state stands within the limits of the common law. It may be conceded that it is sustainable to the extent of those limits in their enlarged commercial sense, though even to that extent it is obsolete in practice." The court was clearly against the action, and the defendant had judgment upon the demurrer.

I think, therefore, if the courts of common law had concurrent jurisdiction of the subject matter of the cause of this action with the courts of equity, such jurisdiction was ineffectual to confer any substantial rights upon the plaintiff. He would have found it difficult, with this case in his way, to have obtained a hearing in a court of law in an action of account. I cannot be mistaken in supposing that he would have had a speedy exit, and been despatched to a court of equity. But I think it is well settled upon authority, that this action of account given by the common law, could only be maintained between two merchants, and

when the issue consisted of more, this strict action could not be sustained. Coke, already quoted, confines the action to the case of two joint mercantile partners, in which case one may charge the other. In *Beach* agt. *Hotchkiss*, (2 *Coms. R.*, 423,) it was holden not to lie, where there are more than two partners; and Judge COWEN says, in *McMurray* agt. *Rawson*, (*supra*,) that with us, when the court of chancery is open to a much better remedy, there is no reason for giving Coke's words a liberal construction. Judge COWEN further adds, that he desires not to be understood as conceding that this action will lie at all, either between partners who are not merchants or joint tenants, or tenants in common of personal property, as such; on the contrary, when it goes on partnership, he says: "I apprehend the plaintiff must aver both himself and the defendant were partners as merchants, in such terms as to show that the case is within the law of merchants. I admit the action may then be sustained against the defendants as receivers, when the firm consisted of two persons only." I think this is a just and correct exposition of the law on the subject, and that an action of account—the strict common law action—could not have been maintained by the present plaintiff, the firm consisting of more than two persons.

The reasons for not favoring the action or giving a more liberal construction to the rules applicable to it, have already been adverted to, and need not be repeated. We think the legislature of our state have not enlarged the case in which at common law the action could be maintained. The first act passed is that of February 6, 1788, (*Green. Laws, p.* 4.) This act was republished in the revision of 1813, in the same words, (*Laws of* 1813, *vol.* 1, *p.* 90.) In the revision of 1830, under the title of "Consolidating and referring causes," (2 *R. S., pp.* 383, 384, &c.,) the revisors endeavored to simplify the proceedings in an action of account, by substituting referees for auditors, and conferring upon the former the powers given to the latter

by the act of 1788. We do not think the language used in section 49 (*p.* 385) was intended to change the rules of the common law or to enlarge the cases in which the action might be brought.

I come therefore to the conclusion, that the common law action of account could not, at the time the cause of action in this case accrued, have been maintained against the defendant Van Wickle ; or assuming that, by the provisions of our Revised Statutes, the action is given in all cases against executors and administrators, in which it could be maintained against their testators or intestates, it could not have been maintained against Van Wickle's administrators for the reason that it could not have been prosecuted against him. At the time the present cause of action accrued, the plaintiff had the sole remedy of an action in a court of equity, and a court of law had no concurrent jurisdiction. As he had ten years from the time his cause of action accrued, that term of ten years was further extended for the period of eighteen months by the provisions of section 8, title 3, article 1, chapter 8 of the third part of the Revised Statutes, which declares that the term of eighteen months after the death of any testator or intestate shall not be deemed any part of the time limited by law for the commencement of actions against his executors or administrators. The statute did not, therefore, run, or in other words, was suspended for the period of eighteen months next immediately after the death of the testator or intestate ; and as this suit was commenced within eleven years from the time the cause of action accrued, the statute of limitations presents no obstacle to the plaintiff's right to recover. As this is the only point discussed on the argument, and one which disposes of the case, it follows that the order of the general term granting a new trial should be reversed, with costs, and the judgment of the special term should be affirmed.